IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br>PHU SAY TANG,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL<br><br><br><br>Case No. 2:07-CR-161 TS |

On March 7, 2007, Defendant was charged with possession with the intent to distribute and/or manufacture marijuana in violation of 21 U.S.C. 841(a)(1).  Defendant pleaded guilty to that charge on January 3, 2008, and was sentenced to a term of 18 months imprisonment.  Defendant moves for release pending appeal.  For the reasons discussed below, the Court will grant the Motion.

18 U.S.C. § 3143(b)(2) states:

The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, who has filed an appeal or a petition for a writ of certiorari, be detained.

1

18 U.S.C. § 3142(f)(1)(C) includes "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ."

As noted above, Defendant pleaded guilty to a violation of the Controlled Substances Act.  The maximum term of imprisonment for possession with the intent to distribute and/or manufacture 100 or more marijuana plants is 40 years.[1]  As Defendant was convicted of a violation of the Controlled Substances act for which the term of imprisonment was ten years or more, he falls within the scope of 18 U.S.C. § 3143(b)(2).

Detention is not mandatory under 18 U.S.C. § 3143(b)(2), however, if Defendant can meet the additional requirements of 18 U.S.C. § 3145(c).  That statute provides that a person subject to § 3143(b)(2), and who otherwise meets the conditions of release set forth in 18 U.S.C. § 3143(b)(1), "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

The "possibility defendant may serve the imposed sentence of confinement before resolution of his appeal provides an 'exceptional reason' for release under 18 U.S.C. § 3145(c)."[2] Here, Defendant has been sentenced to 18 months imprisonment.  It is likely that he will complete or be close to completing any such prison term before his appeal is decided.  The Court finds this to be an exceptional reason why Defendant's detention would not be appropriate here. However, before Defendant can be released, the requirements of § 3143(b)(1) must still be met.

---

[1]21 U.S.C. § 841(b)(1)(B)(vii).

[2]*United States v. Banta*, 165 F.R.D. 102, 104 (D. Utah 1996).  *See also United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir 2003) (stating that a situation where "the defendant could be forced to serve most or all of his sentence before his appeal has been decided" may be an "exceptional reason").

18 U.S.C. § 3143(b)(1) allows for release pending appeal if the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community and that the appeal is not for the purpose of delay and raises substantial questions of law or fact likely to result in reversal or an order for a new trial.  The only issue before the Court is whether Defendant's appeal raises substantial questions of law or fact likely to result in reversal or an order for a new trial.

The Tenth Circuit has adopted a two-step approach in determining whether an appeal raises substantial questions of law or fact likely to result in reversal or an order for a new trial.[3] "First, the court must decide that the appeal raises a 'substantial' question of law or fact.  Second, 'if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.'"[4]

Turning to the first prong, the Tenth Circuit has defined a substantial question as "one of more substance than would be necessary to a finding that it was not frivolous.  It is a close question or one that very well could be decided the other way."[5]  "[W]hether a particular question is "substantial" must be determined on a case-by-case basis . . . ."[6]

The government appears to argue that in order for Defendant to succeed on his Motion, he must show that there is a substantial likelihood that the appeal will result in reversal.  The

---

[3]*United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985).

[4]*Id*. (quoting *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)).

[5]*Id*. (quotation marks and citations omitted).

[6]*Id*.

3

government relies on *Morison v. United States*[7] in support of this argument.  *Morison*, however, is distinguishable in that Morison had not raised a substantial question as to both of his crimes of conviction.  Because he had not raised a substantial question as to one count, he had not shown that the appeal was likely to result in reversal with respect to all counts for which imprisonment was imposed.  That is not the case here.  Further, courts have "reject[ed] the construction which would make bail contingent upon a finding by the district court that it is likely to be reversed."[8]

Having reviewed the Motion to Suppress and the underlying case law, the Court finds that Defendant has presented a substantial question.  That is, Defendant has presented a question that very well could be decided the other way.

Turning to the second prong, the Court must consider whether, if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial.  The Court finds that, if the order on the Motion to Suppress is decided in his favor, the judgment will be reversed and a new trial will be ordered.  Thus, Defendant has made this showing.

Based on the above, it is hereby

ORDERED that Defendant's Motion for Release Pending Appeal (Docket No. 99) is GRANTED.

---

[7]486 U.S. 1306 (1988).

[8]*United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985).

4

DATED   October 30, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge